THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
BERNARD J. CONDON, Defendant-Appellee.

Second District   No. 2—90—0942

Opinion filed June 16, 1993.—Rehearing denied July 20, 1993.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller, Barbara R. Paschen, and Paul Alexander Rogers, all of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

In 1987, a grand jury indicted defendant, Bernard J. Condon, and Timothy Condon, his brother, for armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A–2 (now 720 ILCS 5/33A–2 (West 1992))), the unlawful delivery of a controlled substance, the possession with intent to deliver a controlled substance, the possession with intent to deliver cannabis, and a calculated criminal drug conspiracy (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(a)(2), 705(d), 1405(a) (now codified, as amended, at 720 ILCS 570/401, 550/5(d), 570/405(a) (West 1992))). Defendant fled the jurisdiction. Timothy Condon brought a motion to quash his arrest. The trial court denied the motion, but this court reversed. (*People v. (Timothy) Condon* (1990), 195 Ill. App. 3d 815.) After defendant was apprehended, he filed an identical motion to quash his arrest and argued that the State was collaterally estopped from opposing the motion. The trial court granted defendant's motion, and the State appeals. The issue on appeal is whether the trial court properly granted the motion on the basis of *stare decisis*.

During the 1987 arrest, the State executed a search warrant for a house owned by defendant. Timothy Condon, his brother, also lived in the house. The Du Page Metropolitan Enforcement Group agents found the evidence to support the indictments. The evidence and search warrants were the same in both causes. Defendant's motion to quash his arrest was identical to Timothy's. The State's disclosure of evidence to defendant incorporated the disclosure to Timothy.

At the hearing on defendant's motion to quash the arrest, the prosecutor stipulated that the transcript of the Timothy Condon hearing should be part of the record and that it would be the evidence together with the search warrants. The prosecutor agreed that under

the doctrine of *stare decisis* the ruling would be the same as that of Timothy's cause, which this court affirmed on appeal. The prosecutor offered no additional evidence. The prosecutor argued that this court had wrongly decided the issue and ignored relevant evidence. The prosecutor argued the opinion would likely be reversed by the supreme court. The trial court granted the defendant's motion to quash the search warrants.

■ On appeal, the State argues that the trial court erred in applying collateral estoppel in the absence of a final judgment. Collateral estoppel arises when a party or someone in privity thereto participates in two separate and consecutive cases arising in different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction. (*People v. Moore* (1990), 138 Ill. 2d 162, 166.) The party asserting collateral estoppel must demonstrate (1) the present issue is identical to the question previously adjudicated; (2) the existence of a final judgment on the merits in the prior case; and (3) the party against whom estoppel is asserted was a party or in privity with the party to the prior litigation. (*People v. Zegiel* (1989), 179 Ill. App. 3d 649, 651; see *People v. Buonavolanto* (1992), 238 Ill. App. 3d 665, 670.) A judgment is not final until the potential for appellate review has been exhausted. (*Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 113; see also *Shaw v. Citizens State Bank* (1989), 185 Ill. App. 3d 79, 82-83 (trial court may enter a stay pending the appeal in the other cause).) The State contends that the trial court erred in relying upon this court's opinion regarding Timothy Condon because that cause was still in the appellate process.

Before the State filed its brief in this appellate proceeding concerning defendant, the supreme court affirmed this court's previous appellate opinion (*People v. (Timothy) Condon* (1992), 148 Ill. 2d 96). After the State filed its brief, the United States Supreme Court denied a writ of *certiorari* (*Illinois v. (Timothy) Condon* (1993), ____ U.S. ____, 122 L. Ed. 2d 738, 113 S. Ct. 1359). Thus, the resolution of the issue in the cause of Timothy Condon is now final.

■ The argument of the State is moot. Assuming *arguendo* the trial court erred in granting defendant's motion prematurely, before his brother's cause was final, we can grant no effective relief to the State because the trial court would be obliged to grant the motion after remand. A court of review will not consider issues where they are not essential to the disposition of the cause or where the result will not be affected regardless of how the issues are decided. (*Barth v.*

*Reagan* (1990), 139 Ill. 2d 399, 419.) Thus, we will not consider the State's argument.

For the above reasons, the appeal of the order of the circuit court of Du Page County is dismissed.

Appeal dismissed.

GEIGER and QUETSCH, JJ., concur.