THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KEITH HALL, Defendant-Appellee.

Second District    No. 2—94—1178

Opinion filed May 1, 1996.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Sherry R. Silvern, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

The State appeals the order of the circuit court which granted the motion of defendant, Keith Hall, to quash his arrest and suppress evidence. The State appeals the suppression order, raising one issue for review: whether the court erred in granting the motion on the basis of collateral estoppel.

Defendant was charged with the unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 1992)). His codefendant, Allison Kehe, had been charged with misdemeanors. Her motion to quash her arrest and suppress evidence was granted by Judge Hudson in a separate proceeding. Subsequently, defendant moved to quash his arrest and suppress evidence on the basis that the doctrine of collateral estoppel should apply because the facts were the same and the State had the opportunity to litigate the issue fully in Kehe's proceeding. Defendant submitted the transcript of Kehe's hearing, and Judge Doyle considered it.

The following facts which were adduced at Kehe's hearing are undisputed. Defendant was driving Kehe's car, and she was the passenger. The car was parked in front of a park after hours when two police officers approached and asked Kehe and defendant for identification. The registration for the car was current, the car was in good mechanical condition, and there were no warrants outstanding for Kehe. The officers ordered defendant and Kehe out of the car, after which they searched the car. The officers found a half-empty beer bottle on the passenger side and a gun on the driver's side.

The police officers testified that defendant had backed the car down the street about half a block. One officer testified that they effected a traffic stop because the car was parked at the park when it was closed, which violated a park district ordinance. As they approached the car, the officers noticed Kehe "dip down" along the door as if she were attempting to conceal something. One officer noticed the odor of alcohol as he checked Kehe's identification. Kehe and defendant were ordered out of the car because of Kehe's movement and the area where the car was parked made the officers concerned about their safety. The park was frequented by a gang, and there had been "numerous calls" from residents about guns passed around in the park. However, the officers had no information that either of the occupants was a gang member. After ordering the occupants out of the car, the officers recovered the beer bottle. They noticed defendant dip to his left as he exited the vehicle. The officers found a gun there. Kehe and defendant were arrested after the discovery of the gun. Kehe was arrested because of the weapon and the open liquor. Kehe testified that defendant had not backed down the street, and she denied that she leaned over to conceal something as the officers approached the car.

Judge Hudson found that the police made a valid investigatory stop because the vehicle had been backing down the street and because of the ordinance violation. Judge Hudson then determined whether the search of the vehicle was proper. The judge noted that, although there was testimony that the area had gang activity, there was no evidence of when such activity last occurred, nor was there evidence that either occupant was a gang member. The judge concluded that, based on the circumstances, Kehe's "dipping motion" was insufficient to cause a reasonable person to believe that Kehe was armed and dangerous. Judge Hudson therefore quashed Kehe's arrest and suppressed the evidence.

Judge Doyle noted that Judge Hudson had established a good record of the prior hearing. The judge found that collateral estoppel applied here because the identical issue before the court had been previously adjudicated. The judgment was on the merits, and there was no appeal taken. The estoppel was asserted against a party to the earlier litigation. The court therefore granted the defendant's motion. The State timely filed a certificate of impairment and its appeal.

█ █ The State contends that the trial court erred in applying collateral estoppel here because there was a lack of mutuality of parties. The State relies on *People v. Franklin*, 167 Ill. 2d 1 (1995), which was issued during the pendency of this appeal. In *Franklin*, our supreme court considered whether nonmutual collateral estoppel

could be applied to bar a defendant's conviction. The codefendant's conviction had been reversed on appeal. The defendant essentially argued that collateral estoppel should be applied to reverse his conviction. The supreme court acknowledged that it had removed the mutuality requirement from the doctrine in civil cases, but failed to mention it in criminal cases. *Franklin*, 167 Ill. 2d at 12. The court then reviewed authority from other jurisdictions; most courts confronted with the question of whether a defendant could use the acquittal of a codefendant held that he could not because there was no mutuality. See *Franklin*, 167 Ill. 2d at 12-13 (and cases cited therein). Because the State often lacks the full and fair opportunity to litigate an issue as a result of evidentiary rules which prevent the State from presenting all of its evidence against one defendant and because of the policy consideration of the enforcement of the criminal law which outweighs the need for the appearance of consistent verdicts, the court concluded that the mutuality requirement should be retained in criminal cases. *Franklin*, 167 Ill. 2d at 13-14.

Defendant relies on *People v. Condon*, 246 Ill. App. 3d 74 (1993), in which this court held that the State's appeal of an order applying nonmutual collateral estoppel to quash the defendant's arrest was moot. The State had contended that the trial court erred in applying estoppel because the order in the codefendant's case was not final until the appeal process was concluded. In finding that the issue was moot because the codefendant's order had become final, this court implicitly ruled that mutuality of parties is not required. *Condon*, 246 Ill. App. 3d at 76. *Condon* appears to have been overruled *sub silentio* by *Franklin*.

We therefore hold that, pursuant to *Franklin*, mutuality is required before collateral estoppel applies in a criminal case. Because defendant was not a party to the prior proceeding, he may not invoke collateral estoppel to bar the relitigation of the issues raised in his motion to quash his arrest.

We therefore reverse the order of the circuit court quashing arrest and suppressing evidence and remand the cause to the trial court for further proceedings.

Reversed and remanded.

GEIGER and HUTCHINSON, JJ., concur.