In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-1708

RALPH LICARI,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO, MIRIAM SANTOS,
RICHARD J. JONES, WALTER K. KNORR
and CHARLES R. LOFTUS, in their individual
and official capacities,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 6773—**George W. Lindberg**, *Judge.*

ARGUED NOVEMBER 8, 2001—DECIDED AUGUST 1, 2002

Before BAUER, RIPPLE and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* The appellant, Ralph Licari, appeals the district court's dismissal of his federal suit, which claims that the appellees violated Licari's substantive and/or procedural due process rights. We find that Licari's claims are barred, and therefore AFFIRM the decision of the district court.

## Background

On May 17, 1996, Licari, then a Chicago Police Officer, tore ligaments in his right wrist while struggling with an

arrestee. As a result of his injury, Licari was placed on paid medical leave. Once his medical roll benefits were exhausted, Licari was placed on unpaid leave of absence from the Chicago Police Department. At that time, Licari applied to the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (the "Board") for disability benefits. The Board denied Licari's application, finding that he was not "disabled," as that term is defined by the Illinois Pension Code.[1]

Licari sought review of the Board's decision in the Circuit Court of Cook County, which reversed the decision of the Board and awarded Licari disability benefits. Thereafter, the circuit court's decision was in turn reversed by the First District Appellate Court of Illinois. On appeal, the First District Appellate Court expressly rejected Licari's arguments that: (1) the Board's decision was contrary to the manifest weight of the evidence and was unsupported by the record; (2) the Board proceeded contrary to law by allowing improper evidence into the record; and (3) Licari was otherwise denied a fair hearing by the Board. After the issuance of the appellate court's order reversing the circuit court and affirming the decision of the Board, Licari filed a Petition for Rehearing, which was denied. Licari subsequently filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was also denied.

---

[1] The Illinois Pension Code provides that a police officer disabled as the result of an injury sustained in the performance of an act of duty is entitled to receive duty disability benefits equal to 75% of his salary. 40 ILCS 5/5-154(a) (West 1996). The Pension Code defines a disability as "[a] condition of physical or mental incapacity to perform any assigned duty or duties in the police service." 40 ILCS 5/5-115. In addition, "[p]roof of duty . . . or ordinary disability shall be furnished to the board by at least one licensed and practicing physician appointed by the board" and "[t]he board may require other evidence of disability." 40 ILCS 5/5-156.

Following the conclusion of these state court proceedings, Licari filed this suit in federal district court claiming deprivation of his substantive and procedural due process rights under 42 U.S.C. § 1983. On February 22, 2001, the district court entered an order dismissing Licari's complaint.[2] Licari now appeals the district court's February 22, 2001 Order.

## Discussion

We review the district court's decision to grant a motion to dismiss *de novo*. *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001).

### A) Dismissal of Licari's Claim Against Individually Named Defendants

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect they would have in state court. *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519 (1986); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). *See also Rooding v. Peters*, 92 F.3d 578, 580 (7th Cir. 1996) (the *res judicata* effect of a prior state court judgment on a subsequent section 1983 action is a matter of state law). In Illinois, the doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. *Nowak v. St.*

---

[2] The district court dismissed Licari's suit before hearing his motion to amend the complaint. Licari does not urge reversal on this point and the original complaint is properly before us.

*Rita High Sch.*, 197 Ill.2d 381, 389, 757 N.E.2d 471, 477 (2001). *Res judicata* applies where: (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of parties or their privies. *Nowak*, 197 Ill.2d at 390, 757 N.E.2d at 477 (citations omitted). An exception to the *res judicata* rule exists if the plaintiff did not have a full and fair opportunity to litigate his claim in state court. *Pliska v. City of Stevens Point, Wisconsin*, 823 F.2d 1168, 1172 (7th Cir. 1987) (citations omitted). A plaintiff is afforded a full and fair opportunity to litigate his claims so long as the state court proceedings complied with the minimum procedural requirements of the Due Process Clause. *Id.*

In determining whether the Illinois state judgment at issue precludes federal review, we first ask whether that decision is a final judgment on the merits, rendered by a court of competent jurisdiction. There is no dispute. The decision of the First District Appellate Court of Illinois reversing the decision of the Circuit Court of Cook County (which reversed the decision of the Board) is a final judgment on the merits rendered by a court of competent jurisdiction. The first element of *res judicata* is therefore satisfied.

We next turn to the question of whether there exists an identity of causes of action. In determining whether such an identity exists, we apply Illinois' "transactional" test, which provides that the assertion of different kinds of theories of relief constitutes a single cause of action for purposes of *res judicata* if a single group of operative facts gives rise to the assertion of relief. *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 310-11, 703 N.E.2d 883, 893 (1998). Additionally, and significantly, for purposes of a section 1983 action, the rule of *res judicata* applies to those issues actually litigated *as well as those that could have been but were not litigated in the state court proceed-*

*ings*. *Pliska*, 823 F.2d at 1172 (citing *Migra*, 465 U.S. at 83-84); *see also 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529-30 (7th Cir. 2000) (discussing *res judicata* under Illinois law).

Here, Licari's substantive and/or procedural due process claims either essentially were or *could have been* raised in Illinois state court. *See Pliska*, 823 F.2d at 1172 ("[T]he rule [of res judicata] applies when a party seeks to raise a constitutional challenge in a federal civil rights action which could have been, but was not, raised as a defense in prior state proceedings.") (citations omitted). All of his claims (those actually raised and those that could have been raised) stem from the same set of operative facts—*i.e.*, the conduct and decision of the Board in denying him disability benefits. As a result, there exists an identity of causes of action and the second requirement of *res judicata* is satisfied.

Licari's addition of Board members as defendants in their individual and official capacities does not prevent satisfaction of *res judicata's* third element. We have recognized that under Illinois law a government and its officers are in privity for purposes of *res judicata*. *See*, *e.g.*, *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir. 1983) (finding government and its officers in privity for purposes of *res judicata* under Illinois law) (citations omitted). Further, a finding of privity is especially warranted where, as here, Licari does not allege any action taken against him by the defendants (in either their official or individual capacities) that is separate and distinct from any action taken by the Board. The third and final requirement of *res judicata* is satisfied, and Licari's federal claims against the individually named defendants are barred.

### B) Dismissal of Licari's Claim Against the City of Chicago

With respect to Licari's claim against the City of Chicago, we agree with the district court that the claim is barred

by the statute of limitations. A two year statute of limitations applies to section 1983 claims in Illinois. *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Additionally, such claims accrue when the plaintiff knows or should have known that his constitutional rights were violated. *Id.* at 740. In his complaint, Licari alleges no wrongful action taken by the City after his placement on unpaid leave of absence. Indeed, the only wrongdoing Licari alleges against the City is a due process violation resulting from the manner by which he was placed on unpaid leave. Accordingly, his cause of action accrued when the City placed him on unpaid leave on May 28, 1997. Because his complaint was not filed until October 30, 2000, Licari's claim against the City is time barred.

Even if we ignored the allegations in the complaint and accepted Licari's argument that his claim against the City accrued when the Board found him not disabled, Licari fails to state a claim against the City as a matter of law. To establish a due process violation, a plaintiff must show: (1) the existence of a cognizable property interest; (2) deprivation of that interest; and (3) a denial of due process. *Schroeder v. City of Chicago*, 927 F.2d 957, 959 (7th Cir. 1991) *cited in Buttitta v. City of Chicago*, 9 F.3d 1198 (7th Cir. 1993). Licari cites our decision in *Buttitta* for the proposition that he has a property interest in either obtaining his disability benefits or in remaining on with the police department. 9 F.3d 1198. This assertion overstates the *Buttitta* decision. In *Buttitta*, we held that once the Board determined ineligibility, the plaintiff had the right, not to reinstatement, but to an opportunity to demonstrate his fitness for duty. *Id.* at 1205. Licari's complaint does not allege that the Department denied him this opportunity at any time.[3] Rather, he attempts to establish a property interest in or claim of entitlement to reinstatement that

---

[3] Indeed, Licari *could have but chose not* to avail himself of the opportunity to demonstrate his fitness after the Board's ruling.

does not exist. Licari's claim against the City cannot be sustained on the facts set forth in his complaint. *Id.* at 1204.[4]

## Conclusion

We AFFIRM the decision of the district court in all respects.

A true Copy:

       Teste:

                          _____

                          *Clerk of the United States Court of Appeals for the Seventh Circuit*

---

[4] As previously noted, the district court dismissed Licari's suit before hearing his motion to amend the complaint. Though not before us, we note that even if the district court had granted Licari's motion, we are not convinced that the proposed amendments to his complaint would not be futile. As with the original complaint, the amended complaint fails to specifically allege a deprivation of the opportunity to demonstrate his fitness for duty, which, as discussed, is the narrow property interest created under *Buttitta.* 9 F.3d at 1205. Further, Licari admits that he would be unable to demonstrate his fitness for duty even if given the opportunity as he remains unable to shoot a gun with his left hand. Because Licari is, by his own admission, not fit for duty, he returns to the jurisdiction of the Board. *Id.* at 1204 ("If the Department . . . believes the officer unfit for active duty, it returns the officer to the jurisdiction of the Board."). However, we have already held that Licari's actual and potential claims against the Board and its privies regarding the handling of his original application for benefits are barred by *res judicata* and nothing in our reading of the proposed amendments saves those claims.