**George L. POWELL, Plaintiff–Appellant,**

v.

**Donald N. SNYDER, Jr., et al., Defendants–Appellees.**

**Nos. 02–3233, 02–4051.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 16, 2003.*

Decided Dec. 16, 2003.

Rehearing and Rehearing En Banc Denied Feb. 11, 2004.

George L. Powell, Pontiac Correctional Center, Pontiac, IL, for Plaintiff–Appellant.

Diane M. Potts, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendant–Appellee.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

Illinois inmate George Powell filed a *pro se* suit under 42 U.S.C. § 1983 against prison officials, alleging that they had improperly seized his property from his cell in violation of the United States Constitution. The district court dismissed Powell's complaint for failure to state a claim, and denied his subsequent motion under Federal Rule of Civil Procedure 59(e). Powell appeals, and we affirm.

Powell's grievance can be traced back to October 1999, when guards searched Powell's cell and seized 1,615 pre-stamped envelopes, a butane lighter, a snake-skin belt, A/C adaptors, and an envelope containing betting slips and other evidence that Powell was running a football pool. Powell was charged with gambling, trading or trafficking, unauthorized business ventures, and possessing unauthorized property. Powell pleaded guilty to the charges. The disciplinary report did not list the envelopes, however, so the chairman of the Adjustment Committee told him that he need not plead to possession of unauthorized property with respect to the envelopes. The Committee dismissed a subsequent report that did charge Powell with improperly possessing the envelopes, stating Powell could not be charged twice for the same incident. Powell then filed a grievance demanding the return of his envelopes or reimbursement for their value. The grievance was denied, however, because Powell had "no record to support that he purchased" the envelopes.

Powell next filed a complaint in the Illinois Court of Claims against the State of Illinois and the Illinois Department of Corrections, seeking the value of his envelopes. The Court of Claims granted summary judgment for the state, stating that the envelopes were contraband and that Powell could not be compensated for possessing contraband.

Powell then filed a complaint under § 1983 in the district court, alleging that the defendants had violated his due process and Fifth Amendment rights by seizing and not returning his envelopes. The district court dismissed Powell's complaint on Eleventh Amendment and res judicata grounds, and also held that Powell had received due process through his post-deprivation suit in the Court of Claims.

On appeal, Powell first argues that the district court erred when it determined that his claims were barred by res judicata based on his prior suit in the Illinois Court of Claims. A prior Illinois decision will bar a suit in federal court when: (1) a final judgment on the merits was rendered by a court of competent jurisdiction, (2) there is an identity of causes of action, and (3) there is an identity of parties or their privies. *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir.2002), *citing Nowak v. St. Rita High Sch.*, 197 Ill.2d 381, 258 Ill.Dec. 782, 757 N.E.2d 471, 477 (2001). Powell does not dispute that the Court of Claims, which is the appropriate forum for the resolution of prisoner tort claims against the state, is a court of competent jurisdiction. 705 Ill. Comp. Stat. Ann. § 505/8; *Turner v. Miller*, 301 F.3d 599, 602 (7th Cir.2002). The judgment was final because it decided the controversy between the parties on the merits and fixed their rights. *Steinbrecher v. Steinbrecher*, 197 Ill.2d 514, 259 Ill.Dec. 729, 759 N.E.2d 509, 516 (2001).

Powell disagrees, however, that there was an identity of parties between the two suits. In his action before the Court of Claims, Powell sued the State of Illinois and the Illinois Department of Corrections; here, he sues eight prison officials in their individual capacities. Although it is true that the named parties differ in each

case, the relevant question is whether the current parties have an identity of interest with those in the earlier proceeding. *People ex rel Burris v. Progressive Land Developers*, 151 Ill.2d 285, 176 Ill.Dec. 874, 602 N.E.2d 820, 826 (1992). Here, the state and the individual prison officials share an interest in vindicating their actions when they confiscated Powell's envelopes. In fact, a government and its officers are generally in privity for purposes of res judicata. *Licari*, 298 F.3d at 667.

Powell also disputes that there is an identity of causes of action. In the Illinois Court of Claims, Powell filed a conversion claim against the state for the loss of his property; here he says he raises issues under the Fifth and Fourteenth Amendments. Both of Powell's suits, however, are premised on the prison's seizure of his envelopes, and both suits seek compensation for their value. Under Illinois law, where the facts underlying two suits are the same, they will be considered identical causes of action for res judicata purposes. *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 893 (1998). It does not matter if the two suits are premised on different theories of relief. *Id.* The claims Powell raises here were essentially raised and resolved against him at the Court of Claims, and we will not provide collateral review of that judgment.

Because we conclude that Powell's federal suit was properly barred by res judicata, we need not address his remaining contentions on appeal. Accordingly, the judgment of the district court is AFFIRMED.