Gerald **SIMONSEN**, Plaintiff–
Appellant,

v.

**CHICAGO BOARD OF EDUCATION,**
et al., Defendants–Appellees.

No. 04–1280.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 31, 2004.*

Decided Oct. 22, 2004.

Rehearing En Banc Denied
Nov. 17, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Gerald Simonsen, St. Charles, IL, pro se.

Ilse Simonsen, St. Charles, IL, pro se.

Pamela Simonsen, St. Charles, IL, pro se.

Christine Simonsen, St. Charles, IL, pro se.

Lee A. Lowder, Chicago Board of Education Law Department, Chicago, IL, for Defendants–Appellees.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

## ORDER

Gerald Simonsen, a tenured teacher in Chicago, was twice suspended and eventually terminated by the Chicago Board of Education. He sued the Board and ten of its employees in federal court, alleging that the defendants discriminated against him based on race, gender, and age; violated his right to procedural due process in the course of suspending and terminating him; and violated his right to equal protection by singling him out for discipline. Simonsen, a pro se litigant, also named his mother, ex-wife, and two daughters as co-plaintiffs. In a series of orders the district court dismissed all of the claims against all of the defendants, and Simonsen appeals. We affirm.

In April and June 1999 the Board gave Simonsen several warnings regarding his work performance, noting his failure to submit lesson plans, his pattern of excessive absences and tardiness, and his inappropriate dress. The Board suspended Simonsen for 15 days in October 1999. A month later the then-Chief Executive Officer of the Chicago Public Schools, Paul Vallas, sought to terminate Simonsen. In December 1999 Simonsen was suspended without pay. Simonsen's termination hearing commenced in June 2000. After hearing 15 days of testimony, the hearing officer issued a recommendation to termi-

nate Simonsen, and the Board adopted his recommendation. Simonsen filed an appeal to the Circuit Court of Cook County, arguing that the Board erred in terminating him. After reviewing the record the circuit court upheld the Board's decision.

Meanwhile, with the circuit court proceeding still pending, Simonsen filed this lawsuit. In November 2001 the district court dismissed Simonsen's ex-wife, mother, and two daughters from the complaint, reasoning that they lacked standing to pursue his claims. Then in February 2002 the district court dismissed five of Simonsen's 10 counts, and dismissed several of the remaining counts as to particular defendants. The court also denied Simonsen's motion for a default judgment against two of the defendants because he did not present evidence that they had been served. Simonsen then filed a motion to stay discovery pending the outcome of the state-court review of the Board's termination decision. The district court had not previously been aware of the state proceeding. The court granted the stay request, but warned Simonsen that he must present his federal claims to the state court or they would be barred under the doctrine of claim preclusion.

After the circuit court upheld the Board's decision, the district court set a briefing schedule, but granted another stay when it learned that Simonsen had filed a timely notice of appeal to the Court of Appeals of Illinois. In September 2003 the appellate court affirmed the circuit court's decision; the federal defendants then moved for judgment on the pleadings. Simonsen opposed the motion; he argued that it was premature and attached his Affidavit of Intent to File Leave to Appeal that was dated November 5, 2003. The district court held that Simonsen's claims were precluded by the state-court judgment, erroneously believing that Simonsen

had failed to petition the Supreme Court of Illinois for leave to appeal within the required 21-day time period and that the circuit court's judgment was thus final. On December 30, 2003, Simonsen moved to alter or amend the district court's order, alleging that in fact he had timely filed his petition for leave to appeal. Simonsen did not advise the court that he had filed a motion to reconsider the appellate court's decision and thus his petition for leave to appeal was timely. The district court denied the motion to alter or amend. The Supreme Court of Illinois denied Simonsen's petition for leave to appeal on January 28, 2004, and denied his motion to reconsider the denial of his petition on March 30, 2004.

On appeal Simonsen first argues that the district court erred when it prematurely dismissed his complaint on claim preclusion grounds. Federal courts must give state-court judgments the same preclusive effect that they would have in state court. See 28 U.S.C. § 1738; *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir.2002). Under Illinois law, in order for res judicata to apply to Simonsen's federal claims, the following three requirements must be satisfied: (1) the state-court decision must have involved the same parties or their privies; (2) the state-court decision must have constituted the same cause of action as the current claims; and (3) the state court must have reached a final judgment on the merits. See *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 635 (7th Cir.2004); *Bajwa v. Metropolitan Life Ins. Co.*, 208 Ill.2d 414, 281 Ill.Dec. 554, 804 N.E.2d 519, 532 (2004).

The first of these requirements is satisfied. The Board was named as a party in both the state and federal cases. Moreover the inclusion of individual board members as defendants in the federal suit does not prevent the application of claim preclu-

sion because "a government and its officers are in privity for purposes of res judicata." *Licari,* 298 F.3d at 667 (involving Chicago Retirement Board members who were not named in state review of administrative decision).

There also exists an identity of causes of action. In determining whether such an identity exists, we apply Illinois's "transactional" test. *See id.* Under the transactional test different theories of relief constitute a single cause of action for purposes of res judicata "if a single group of operative facts gives rise to the assertion of relief." *Id.* (citing *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 893 (1998)). Because Simonsen's federal claims all arise from the actions of the Board and its defendant employees in connection with his suspension and dismissal, the federal claims constitute the same cause of action as was litigated in the circuit court. *See Garcia,* 360 F.3d at 637 (citing *River Park, Inc.,* 234 Ill.Dec. 783, 703 N.E.2d at 893); *Licari,* 298 F.3d at 667; *see also Rogers v. Desiderio,* 58 F.3d 299, 301 (7th Cir.1995) (explaining that, although the circuit court uses the administrative record to perform its review, "a party aggrieved by an agency's decision may join a claim under 42 U.S.C. § 1983 and obtain decision of the constitutional issue on an expanded record.").

Finally, as to the third element, Simonsen argues that, because his petition for leave to appeal to the Supreme Court of Illinois was still pending when the district court entered its final judgment, the state-court judgment was not final and so claim preclusion did not apply. The Illinois supreme court has not specifically addressed whether a pending petition for leave to appeal affects the finality of a judgment for purposes of claim preclusion. *See Rogers,* 58 F.3d at 302. The state supreme court has held that the filing of an appeal in the intermediate appellate court suspends the collateral estoppel effect of a circuit court's judgment, *see Ballweg v. Springfield,* 114 Ill.2d 107, 102 Ill.Dec. 360, 499 N.E.2d 1373, 1375 (1986), and several Illinois appellate courts have extended *Ballweg* to claim preclusion, *see Rogers,* 58 F.3d at 302. The Illinois courts have not yet addressed whether a pending petition for leave to appeal likewise suspends the preclusive effect of a judgment, although the court in *Ballweg* explained that "finality requires that the potential for appellate review must have been exhausted." 102 Ill.Dec. 360, 499 N.E.2d at 1375. The defendants assume that Simonsen's pending petition did affect the finality of the circuit court's judgment, but they argue that it no longer matters because the petition has been denied and the judgment is now indisputably final. We agree. Remanding the case would not change the outcome. *See People v. Condon,* 246 Ill. App.3d 74, 185 Ill.Dec. 932, 615 N.E.2d 802, 804 (1993) (declining to remand where prior judgment became final after appeal had been filed).

Finally, Simonsen objects to the district court's interim orders dismissing various counts and defendants from his complaint for reasons other than claim preclusion. But because these claims are also precluded, we do not need to address them individually.

The district court's judgment is AFFIRMED.

The defendants' motion to strike documents from appendix and motion to correct defendants' motion to strike documents from appendix are DENIED.