Ronnie **BULLOCK**, Sr., Plaintiff–Appellant,

v.

**CITY OF CHICAGO**, et al., Defendants–Appellees.

No. 03–3485.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 12, 2004.*

Decided Nov. 16, 2004.

Rehearing Denied Feb. 11, 2005.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, ROVNER and SYKES, Circuit Judges.

### ORDER

In 1984 Ronnie Bullock, Sr. was convicted of raping a nine-year-old girl. He was released from prison in 1994, when a DNA test performed on semen found on the underwear of the rape victim excluded him as the source. In March 2001 Bullock sued various individuals who were involved in his prosecution and conviction, as well as the City of Chicago, Mayor Richard Daley, former Police Superintendent Terry Hillard, and Cook County, seeking damages for various constitutional violations, all under the umbrella of 42 U.S.C. § 1983. In a series of orders, the district court dismissed all of the claims against all of the defendants, holding in its last order that Bullock offered no evidence to show that the crime-lab technicians working for the City concealed exculpatory evidence or lied at trial about their tests. Bullock appeals, and we affirm.

On appeal, Bullock does not directly challenge any of the district court's rulings. As a result, our discussion is limited to the one argument he raises: that the defendants withheld potentially exculpatory evidence—the victim's semen-stained underwear—in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Under *Brady,* "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87, 83 S.Ct. 1194; *see also Ward v. Hinsley,* 377 F.3d 719, 724 (7th Cir.2004).

Bullock alleges that the defendants knowingly concealed the victim's underwear, even though he made a specific request for any and all exculpatory evidence to be turned over to him and asked for a blood test to establish his innocence. This is an entirely different claim than Bullock raised in the district court, where with the assistance of counsel he argued only that the defendants concealed blood-test results that purportedly were exculpatory. Questions of qualified immunity aside, Bullock's

new claim is thus not even properly before us, *see Hardy v. Univ. of Ill. at Chicago,* 328 F.3d 361, 364 (7th Cir.2003), but in any event is meritless.

 Bullock concedes that it is unclear whether the testing available in 1984—most likely a test to determine whether he and the rapist had the same blood type—would have excluded him as the assailant. In addition, an impounding order listing items that were entered into evidence at Bullock's trial documents that a rape kit containing underwear was entered as evidence, although Bullock seems to allege that he was not informed that the underwear contained semen. But if that is his contention, it goes nowhere; *Brady* prohibits the state from concealing exculpatory evidence, but it does not obligate the state to pursue leads based on evidence that is equally available to the defendant. *See United States v. Tadros,* 310 F.3d 999, 1005 (7th Cir.2002). Bullock, though, would face another problem with this claim. In Illinois, the statute of limitations for § 1983 actions is two years, *see Licari v. City of Chicago,* 298 F.3d 664, 667–68 (7th Cir.2002), and begins to accrue when the plaintiff knows or should have known that his constitutional rights have been violated, *id.; Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir.1993). Bullock obviously knew that the semen-stained underwear existed at least by 1994 when he learned of the DNA test results and was released from prison. Because he did not file this lawsuit until March 2001, his claim is untimely.

Accordingly, we AFFIRM the judgment in favor of the defendants.