In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-2687

IN RE:

    DOLLIE's PLAYHOUSE, INC.

*Debtor,*

DOLLIE'S PLAYHOUSE, INC.

*Plaintiff-Appellant,*

    *v.*

NABLE EXCAVATING, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05 C 385—**William D. Stiehl**, *Judge.*

ARGUED FEBRUARY 20, 2007—DECIDED APRIL 9, 2007

Before MANION, KANNE, and WOOD, *Circuit Judges.*

KANNE, *Circuit Judge.* Dollie's Playhouse, Inc., filed an adversary complaint against Nable Excavating, Inc. The bankruptcy court held that *res judicata* barred Dollie's complaint and the district court affirmed this judgment. We affirm.

## I. HISTORY

Dollie's was an adult entertainment nightclub in Washington Park, Illinois owned by Stephen Masters and Nathan Eggemeyer. The relationship between Masters and Eggemeyer soured. Eggemeyer murdered Masters and buried Masters' body on property owned by Eggemeyer. Eggemeyer was convicted of murdering Masters and was sentenced to life imprisonment. *State v. Eggemeyer*, 9 S.W.3d 640 (Mo. Ct. App. 1999) (affirming the conviction on direct appeal); *Eggemeyer v. Roper*, No. 402CV01486CEJAGF, 2006 WL 355258 (E.D. Mo. Feb. 15, 2006) (denying a petition for a writ of habeas corpus).

Eggemeyer also had a financial interest in Nable. Dollie's and Nable entered into an agreement before Masters' death. Dollie's alleges that the agreement was a contract for the sale of property while Nable counters that the agreement was merely a lease without any transfer of ownership in the property. To settle the disagreement, Dollie's brought a suit against the title company and Nable for declaratory judgment in the Circuit Court in St. Clair County Illinois. *Dollie's Playhouse v. Chicago Title & Tr. Co. & Nable Excavating, Inc.*, 99-MR-144. Nable counterclaimed alleging that Dollie's had breached the lease agreement and owed it money. The Circuit Court found for Nable and held that Dollie's owed Nable $105,000 in past rent and $120,000 on an unpaid loan. The Appellate Court of Illinois, Fifth District, affirmed the Circuit Court's judgment on August 27, 2004. *Dollie's Playhouse v. Chicago Title & Tr. Co. & Nable Excavating, Inc.*, No. 5-02-0503 (Ill. App. Ct. Aug. 27, 2004).

Dollie's filed a Chapter 11 bankruptcy petition in September 2004. Dollie's also brought an adversary complaint against Nable seeking to recover damages for Eggemeyer's alleged breach of fiduciary duties and conver-

sion of Dollie's corporate funds. Dollie's argues that Eggemeyer stole money from Dollie's and funneled it to himself and Nable. According to Dollie's, Eggemeyer murdered Masters as part of this plan and therefore this money should be returned by Nable to Dollie's and Dollie's rightful owner Masters' widow. The bankruptcy court and the district court rejected this argument, holding that the claims were barred by *res judicata.* Both courts concluded that Dollie's was trying to reargue who rightfully controlled the land and money at dispute, an issue already determined by the Illinois state courts.

## II. ANALYSIS

"Essentially, our review is the same as that performed by the district court." *In re Salem*, 465 F.3d 767, 773 (7th Cir. 2006) (citing *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004)). "Factual findings are reviewed for clear error; legal conclusions are reviewed *de novo.*" *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007).

We agree with the district court in its affirmance of the decision of the bankruptcy court, that Dollie's adversary complaint is barred under *res judicata.* The Full Faith and Credit Act requires that we apply Illinois law and recognize the preclusive effect of the previous Illinois state judgment in this proceeding, *Sornberger v. City of Knoxville, Illinois*, 434 F.3d 1006, 1020 n.9 (7th Cir. 2006) (citing 28 U.S.C. § 1738; *Rekhi v. Wildwood Indus.*, 61 F.3d 1313, 1317 (7th Cir. 1995)); *accord Crop-Maker Soil Servs., Inc. v. Fairmount State Bank*, 881 F.2d 436, 439 (7th Cir. 1989) ("The doctrine of *res judicata* applies in the bankruptcy context.") (citing *Brown v. Felsen*, 442 U.S. 127, 132 (1979)); *see also In re Heckert*, 272 F.3d 253, 258 (4th Cir. 2001), as long as the previous Illinois proceeding met the minimum requirements of due process. *Licari v. City of*

*Chicago*, 298 F.3d 664, 666-67 (7th Cir. 2002) (citing *Pliska v. City of Stevens Point, Wisconsin*, 823 F.3d 1168, 1172 (7th Cir. 1987)). "Under Illinois law, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *Hicks v. Midwest Transit, Inc.*, ___ F.3d ___, No. 06-2579, 2007 WL 609925, at *2 (7th Cir. Mar. 1, 2007) (citing *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998); *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996); *Rodgers v. St. Mary's Hosp.*, 597 N.E.2d 616, 620-21 (Ill. 1992) (internal quotations omitted)). "*Res judicata* applies where: (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of parties or their privies." *Licari*, 298 F.3d at 666 (citing *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001)).

Dollie's recognizes that there was a final judgment on the merits and there is an identity of parties. However, it argues that it brings different claims in the present case— breach of fiduciary duties and conversion of corporate assets—because it brought a breach of contract claim in the Illinois state court proceeding. However, Illinois applies the "transactional" test, "which provides that the assertion of different kinds of theories of relief constitutes a single cause of action for purposes of *res judicata* if a single group of operative facts gives rise to the assertion of relief," when evaluating identity of causes of action. *Id.* at 667 (citing *River Park, Inc.*, 703 N.E.2d at 893). Dollie's present adversarial complaint arises from the same underlying business and personal disputes and involves the same issue of what money and property is owed between Dollie's and Nable. As Nable's counsel properly noted at oral argument, litigating Dollie's adversarial complaint would require a re-litigation of the

state court proceeding by requiring the bringing of the same evidence and arguments. Altering the characterization of its case from a breach of contract claim into a breach of fiduciary and conversion claims cannot save Dollie's case.

Dollie's also invokes equity to defeat the operation of *res judicata*. *Res judicata* is an equitable doctrine that is not applied when it is "fundamentally unfair to do so." *Nowak*, 757 N.E.2d at 477. Dollie's argues that Nable's assertion of *res judicata* benefits Eggemeyer's criminal conduct of murdering Masters and allegedly stealing money from Dollie's because Eggemeyer is the true owner of Nable. However, the Appellate Court of Illinois, the final state court to consider this case, was aware of and rejected any consideration of these equitable issues. *Dollie's Playhouse v. Chicago Title & Tr. Co. & Nable Excavating, Inc.*, No. 5-02-0503, at pg. 4 (Ill. App. Ct. Aug. 27, 2004) ("Masters was murdered . . . Eggemyer was charged with his murder [and] was convicted."). Although we are not unsympathetic to the equities of the situation, pursuant to 28 U.S.C. § 1738, we are bound to honor the preclusive effect of the valid Illinois state court judgment.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*