NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 25, 2013[*]
Decided May 13, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3668

| | |
|---|---|
| COLLEEN M. HOCK, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:12-cv-03937 |
| VILLAGE OF BLOOMINGDALE, *Defendant-Appellee.* | Robert W. Gettleman, *Judge.* |

**O R D E R**

Colleen Hock appeals the dismissal, on the ground of res judicata, of her claims against the Village of Bloomingdale. Finding no error in the district court's judgment, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Following an arrest by the Bloomingdale Police Department in 2011, Ms. Hock sued the Village of Bloomingdale in state court. She alleged that the Village wrongfully arrested her and denied her needed bipolar medication, thereby violating several constitutional and statutory rights. While that case was pending, she filed a similar complaint in federal court against the Village, again alleging that it violated her constitutional and statutory rights by denying her "medical accommodation" and pursuing "false warrants and non-existing cases."

The Village moved to stay proceedings under the *Colorado River* doctrine, noting that Ms. Hock's federal suit duplicated her ongoing state suit. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). At a hearing to resolve the motion, Ms. Hock insisted that the two cases involved different claims and that the cases did not arise from the same incident. But the judge granted the motion to stay after he asked Ms. Hock to file a written explanation of the difference between the two suits and she failed to do so.

After the state court dismissed the suit with prejudice, the Village asked the federal court to dismiss the second suit on ground of res judicata. Ms. Hock filed a response opposing the motion, which consisted of a collection of photocopied court documents with no legal analysis. Recalling Ms. Hock's prior failure to distinguish her similar suits, the court granted the defendant's motion.

Ms. Hock now appeals, but the Village insists that she has waived any argument by filing a brief that does not comply with Federal Rule of Appellate Procedure 28(a)(9)(A). Because Ms. Hock is pro se, her filings deserve generous construction, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), but we agree with the Village. Her brief is incoherent and fails to explain what error she believes the district court made in dismissing her complaint. *See United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("We construe pro se appeals liberally, but we will not hesitate to dismiss them if they are not adequately presented."), *Anderson*, 241 F.3d at 545 ("[W]e must be able to discern cogent arguments in any brief, even one from a pro se litigant.").

In any case, even if we overlook Ms. Hock's deficient brief, we conclude that the district court did not err in dismissing her suit as barred by res judicata. Under Illinois law, which 28 U.S.C. § 1738 directs us to apply, res judicata acts as a bar to a subsequent suit between the parties when a court of competent jurisdiction reached final judgment on the merits involving the same cause of action. *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 959 N.E.2d 1133, 1148 (Ill. 2011). "There are three requirements that must be satisfied for res judicata to apply: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) a identity of parties, or their privies." *Id.*

In Ms. Hock's case, these requirements clearly are satisfied. First, any doubt about whether the state court order dismissing Ms. Hock's claims with prejudice constitutes "a final judgment on the merits," *id.*, is resolved conclusively by the Illinois Supreme Court. Illinois Supreme Court Rule 273 provides that "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

Second, absent guidance from Ms. Hock, we look to the two complaints to determine whether there is an identity of causes of action. We must "apply Illinois' 'transactional' test, which provides that the assertion of different kinds of theories of relief constitutes a single cause of action for purposes of res judicata if a single group of operative facts gives rise to the assertion of relief." *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002) (citing *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998)). Here, on the face of the two complaints, the two cases are related to the same occurrence, the complaints name the same parties, and they present similar allegations of police misconduct. Moreover, Ms. Hock effectively conceded the similarity of the claims by refusing to respond to the court's reasonable request that she identify any differences between the two cases. Accordingly, the district court properly dismissed the suit on the ground of res judicata.

Ms. Hock's motion for appointment of counsel is denied.

**AFFIRMED**