(No. 70722.—

KALAN D. RODGERS, SR., Adm'r of the Estate of Brenda Marie Rodgers, Deceased, Appellee, v. ST. MARY'S HOSPITAL OF DECATUR, Appellant.

*Opinion filed July 30, 1992.*

Graham & Graham, of Springfield (Richard J. Wilderson, of counsel), for appellant.

Robert M. Owen, of Popkin, Stern & Owen, of Decatur, and Charles H. Fendell, of Popkin & Stern, of St. Louis, Missouri, for appellee.

CHIEF JUSTICE MILLER delivered the opinion of the court:

On September 25, 1987, plaintiff, Kalan Rodgers, Sr., filed suit against defendant, St. Mary's Hospital, in the circuit court of Macon County. The complaint alleges that the hospital failed to preserve for litigation all X rays taken of his wife, Brenda Rodgers, who had been a patient at the hospital for several days before she died there. Rodgers claims that the hospital's loss of an X ray caused him to lose a malpractice suit he had filed earlier against his wife's radiologists. The circuit court dismissed the complaint and Rodgers appealed. The appellate court reversed and remanded. (198 Ill. App. 3d 871.) We granted the hospital's petition for leave to appeal (134 Ill. 2d R. 315(a)), and now affirm the judgment of the appellate court.

## Facts

Rodgers filed a medical malpractice action in the circuit court of Macon County on May 27, 1986, alleging the wrongful death of his wife, Brenda, who died at the

hospital two days after giving birth to their son. Named as defendants in the medical malpractice action were Brenda's obstetricians, her radiologists, and the hospital. The circuit court entered summary judgment in favor of the hospital on May 13, 1988. Rodgers did not appeal the summary judgment in favor of the hospital.

Rodgers proceeded to trial against the obstetricians and radiologists. On June 10, 1988, the jury found in favor of Rodgers on his claims against the obstetricians and assessed damages at $1.2 million. The jury found the radiologists not liable and Rodgers did not appeal that finding. The obstetricians appealed, but the appeal was dismissed by stipulation of the parties on May 24, 1989, when Rodgers and the obstetricians agreed to settle the medical malpractice claim for $800,000.

In the meantime, on September 25, 1987, Rodgers had filed a separate complaint for damages against the hospital alleging that the hospital breached its statutory duty to preserve for five years all of the X rays taken of Brenda (see Ill. Rev. Stat. 1987, ch. 111½, par. 157—11 (X-Ray Retention Act)). He claimed that the X rays were crucial to proving his case against the obstetricians and radiologists. On April 12, 1988, on motion of the hospital, the circuit court dismissed that complaint without prejudice.

Rodgers amended his complaint and brought the present action against the hospital on May 25, 1989, the day after he reached the $800,000 settlement with the obstetricians. In his complaint, Rodgers alleged that Brenda's death was caused by a sigmoid colonic volvulus, and that the condition appeared on an X ray that the hospital had a duty to preserve. Rodgers alleged that the hospital's failure to preserve the X ray was a breach of its duty arising from the X-Ray Retention Act and from the hospital's internal regulations. Rodgers asserted that because the hospital failed to preserve the X ray,

Rodgers was unable to prove his case against the radiologists. He further alleged that had he recovered against the radiologists and the obstetricians jointly and severally, the verdict would have been paid in full and would not have been appealed. He thus sought $400,000 in damages from the hospital, the difference between the $1.2 million verdict and the $800,000 settlement. The trial court dismissed the amended complaint on the grounds that Rodgers' settlement with the obstetricians and failure to appeal the judgment in favor of the radiologists barred his loss-of-evidence claim against the hospital. Rodgers appealed.

The appellate court reversed the judgment of the circuit court. The appellate court held that Rodgers' amended complaint stated a statutory cause of action that was not barred by *res judicata* or waived by Rodgers' post-judgment settlement with the obstetricians. (198 Ill. App. 3d at 876-81.) We granted the hospital's petition for leave to appeal (134 Ill. 2d R. 315). The issues presented are whether there is a statutory cause of action under the X-Ray Retention Act and whether Rodgers' suit is barred by his earlier settlement with the obstetricians or by *res judicata*.

## Discussion

We first address whether the statute grants Rodgers a private cause of action by implication. The X-Ray Retention Act, formally titled "An Act concerning the retention for use in litigation of X-ray or roentgen films of the human anatomy," provides in relevant part:

> "Hospitals which produce photographs of the human anatomy by the X-ray or roentgen process on the request of licensed physicians for use by them in the diagnosis or treatment of a patient's illness or condition shall retain such photographs or films as part of their regularly maintained records for a period of 5 years provided that re-

tention of said photographs or film may be by microfilm or other recognized means of minification that does not adversely affect their use for diagnostic purposes. However, if the hospital has been notified in writing by an attorney at law before the expiration of the 5 year period that there is a litigation pending in court involving a particular X-ray or roentgen photograph in their records as possible evidence, and that the subject person of such photograph is his client, or is the person who has instituted such litigation against his client, then the hospital shall keep such photograph or film or minified copy thereof in its regular records until notified in writing by the plaintiff's attorney with the approval thereon of the defendant's attorney of record that the case in court involving such photograph has been concluded, or for a period of 12 years from the date that the X-ray photograph film was produced, whichever occurs first in time." Ill. Rev. Stat. 1987, ch. 111½, par. 157—11.

Implication by a statute of a private right of action is appropriate when: "(1) plaintiff is a member of the class for whose benefit the Act was enacted; (2) it is consistent with the underlying purpose of the Act; (3) plaintiff's injury is one the Act was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the Act." *Corgan v. Muehling* (1991), 143 Ill. 2d 296, 312-13.

It is clear that the X-Ray Retention Act was designed to prevent the loss of evidence that may be essential to the pursuit or defense of a medical malpractice claim. Therefore, there can be little dispute that Rodgers, a plaintiff with a malpractice claim, is a member of the class for whose benefit the statute was enacted, and that Rodgers' injury is one the statute was designed to prevent.

The hospital argues that the statute is merely an administrative regulation to be enforced exclusively by the Department of Public Health. We disagree. As in *Cor-*

*gan*, nothing in the statute suggests that the legislature intended to limit the available remedies to administrative ones (143 Ill. 2d at 314). Indeed, the statute enumerates no specific administrative remedies and administrative remedies would not provide an adequate remedy to those injured by violations of the Act. Additionally, the threat of liability is a much more efficient method of enforcing the regulation than requiring the Public Health Department to hire inspectors to monitor the compliance of hospitals with the provisions of the Act. Thus, it is reasonable to believe that the legislature intended that those persons protected by the Act have a right to bring a private action against the offending hospital for damages caused by a breach of the statute. We therefore conclude that a private cause of action is necessary to provide an adequate remedy for violations of the Act, and that it is consistent with the underlying purpose of the Act.

The hospital also argues that its loss of one X ray out of a series of six should be considered *de minimus* and not a violation of the statute. We disagree. The statute requires that all X rays be preserved, not just some of them. We therefore hold that a jury could find that the hospital's admitted loss of one X ray is a violation of the X-Ray Retention Act.

The appellate court held that a violation of the X-Ray Retention Act gives rise to a statutory cause of action and that the violation is *prima facie* evidence of negligence. (198 Ill. App. 3d at 875-76.) The issue of whether the action implied by the X-Ray Retention Act should be governed by the principles of negligence or strict liability has not been raised in this appeal, and we therefore do not address that issue here.

We note, however, that in any case based on a violation of the X-Ray Retention Act, the plaintiff must still plead and prove an injury and damages proximately

caused by the loss of an X ray. Rodgers asserts that as a result of the hospital's actions, he lost his medical malpractice case against the radiologists. Rodgers further alleges that, were the radiologists liable as joint tortfeasors with the obstetricians, he would not have been forced to settle for $400,000 less than the judgment. He thus claims harm to his litigation rights, totaling $400,000.

Because this case comes to us on the pleadings, all well-pleaded facts must be taken as true. (*Teter v. Clemens* (1986), 112 Ill. 2d 252; see also *Triangle Sign Co. v. Weber, Cohn & Riley* (1986), 149 Ill. App. 3d 839, 843.) Rodgers has pleaded $400,000 in damages. Whether the damages are in fact $400,000 and whether they were proximately caused by the loss of the X ray and Rodgers' inability to obtain a verdict against the radiologists are questions for the trier of fact and are not at issue here.

We note, however, that $400,000 would be the upper limit on Rodgers' recovery. The jury's verdict against the obstetricians was in the amount of $1.2 million, and Rodgers has admitted that the verdict was complete compensation for his loss. Even if the radiologists had been found jointly liable with the obstetricians, Rodgers might not have received the full $1.2 million verdict. The radiologists as well as the obstetricians would still have had the right to appeal the judgment and a trier of fact could find that Rodgers would have been willing to settle with both defendants for a payment of less than $1.2 million in order to avoid an appeal.

We conclude that Rodgers has stated a cause of action against the hospital for failure to preserve the X ray for use in litigation. Whether the missing X ray proximately caused Rodgers to lose his case against the radiologists and to settle for less than the full amount of the judgment is a question for the trier of fact.

The hospital next contends that Rodgers' settlement with the obstetricians operated as a waiver of any subsequent claims against the parties in the original malpractice case and that Rodgers' claimed damages of $400,000 were self-imposed when Rodgers voluntarily settled for less than the amount of the judgment. We find nothing to support the hospital's waiver argument.

As the appellate court pointed out, a rule that a post-judgment settlement bars an action for loss of evidence in this situation would be contrary to well-established principles of joint liability. (198 Ill. App. 3d at 878.) When a plaintiff settles with one party, the remaining tortfeasors remain jointly and severally liable for the full amount of the judgment, minus the amount of the settlement. (*Henry v. St. John's Hospital* (1990), 138 Ill. 2d 533, 543.) Additionally, such a rule would discourage settlement of disputed claims. Accordingly, we believe that the present claim against the hospital must remain intact, despite Rodgers' settlement with the obstetricians.

The hospital also argues that Rodgers' failure to appeal the jury's finding of no liability in favor of the radiologists should bar his loss-of-evidence claim against the hospital. We reject this argument as well. As the appellate court observed, such a rule would encourage frivolous appeals in order to preserve loss-of-evidence claims, and would thus be a waste of judicial resources. 198 Ill. App. 3d at 879.

Finally, the hospital argues that even if Rodgers' amended complaint states a cause of action, the action is barred by the summary judgment rendered on May 13, 1988, in favor of the hospital in the malpractice case. The doctrine of *res judicata* provides that a final judgment on the merits is conclusive as to the rights of the parties, constituting an absolute bar to a subsequent action involving the same claim, demand, or cause of

action. *Housing Authority v. Young Men's Christian Association* (1984), 101 Ill. 2d 246, 251.

To determine whether causes of action are the same for *res judicata* purposes, Illinois courts have adopted two tests. (*Hagee v. City of Evanston* (7th Cir. 1984), 729 F.2d 510 (applying Illinois law); *Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638.) The first is called the "same evidence" test. Under that test, *res judicata* bars a second suit if the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions. (*Pfeiffer v. William Wrigley Jr. Co.* (1985), 139 Ill. App. 3d 320, 322; *Village of Northbrook v. County of Cook* (1980), 88 Ill. App. 3d 745, 750; *Palya v. Palya* (1980), 87 Ill. App. 3d 472, 475.) The second test is the "transactional" approach, which considers whether both suits arise from the same transaction, incident, or factual situation. The transactional approach provides that " 'the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief.' " *Pfeiffer*, 139 Ill. App. 3d at 323, quoting *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 64; see also *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 74.

We conclude that under either test, *res judicata* does not bar the present action. Here, Rodgers' amended complaint against the hospital is based on a different cause of action than that underlying his prior claim against the hospital, obstetricians, and radiologists. The present action is for loss of evidence; the first was for medical malpractice. The same evidence would not sustain both verdicts, and the facts essential to each suit did not arise from the same transactions or incidents.

To obtain a favorable verdict on the present cause of action, Rodgers must show that but for the hospital's

failure to preserve all X rays of Brenda, he would have prevailed against the radiologists and that in so doing he would have recovered more than $800,000 of the damages awarded by the jury in the medical malpractice suit. These facts would not have sustained a verdict in the medical malpractice action. There the issue was whether the doctors or hospital negligently caused Brenda's death. The X ray was lost after Brenda died and could therefore not have affected the defendants' exercise of care in treating Brenda. Furthermore the existence of the duty to preserve the X ray, the incidents causing the X ray to be missing at trial, and the facts surrounding the potential evidentiary value of the missing X ray are circumstances unrelated to determining medical malpractice liability in the first cause of action. Thus, under either test for identical causes of action, *res judicata* does not bar the present action.

In a supplemental brief, the hospital argues that Rodgers has divided his cause of action and should have been required to try all of his claims against both the doctors and the hospital in a single suit. Because this argument was not presented in the hospital's petition for leave to appeal, we deem the argument to be waived. *Dineen v. City of Chicago* (1988), 125 Ill. 2d 248, 265.

In sum, Rodgers' amended complaint states a cause of action implied by statute. It is for the trier of fact to determine whether the hospital's failure to preserve the X ray proximately caused Rodgers to lose his malpractice case against the radiologists, and if so, to what damages Rodgers is entitled. The present action is not barred by Rodgers' settlement with the obstetricians in the earlier medical malpractice suit, or by *res judicata*. Accordingly, we affirm the judgment of the appellate court.

*Judgment affirmed.*