SOUTH HOLLAND METAL FINISH-
ING CO., INC., an Illinois Corpo-
ration, Plaintiff,

v.

METROPOLITAN WATER RECLAMA-
TION DISTRICT OF GREATER CHI-
CAGO, a Municipal Corporation un-
der the laws of the State of Illinois; et
al., Defendants.

No. 98 C 5897.

United States District Court,
N.D. Illinois,
Eastern Division.

June 1, 1999.

William Augustus Speary, Jr., Much, Shelist, Freed, Denenberg, Ament & Rubenstein, P.C., Chicago, IL, for South Holland Metal Finishing Co., Inc., an Illinois corporation, plaintiff.

Robert L. Abraham, Metropolitan Sanitary District of Greater Chicago, Chicago, IL, Michael G. Rosenberg, Metropolitan Water Reclamation District of Greater Chicago, Chicago, IL, Frank M. Adams, Illinois Appellate Court, First District, Chicago, IL, Michael I. Rothstein, William Robert Quinlan, David M. Jenkins, Quinlan & Crisham, P.C., Chicago, IL, Ronald Michael Hill, Metropolitan Water Reclamation District of Greater Chicago, Chicago, IL, Joseph C. Madden, Chicago, IL, for Metropolitan Water Reclamation District of Greater Chicago, a Municipal corpora-

tion under the laws of the State of Illinois, defendant.

Robert L. Abraham, Michael G. Rosenberg, Ronald Michael Hill, Metropolitan Water Reclamation District of Greater Chicago, Chicago, IL, for Board of Commissioners of the Metropolitan Water Reclamation District of Greater Chicago.

Robert L. Abraham, Michael G. Rosenberg, Ronald Michael Hill, Metropolitan Sanitary Dist. of Greater Chicago, Chicago, IL, for Thomas S. Fuller, Terrence J. O'Brien, Nancy Drew Sheehan, Frank E. Gardner, Susan L. Kelsey, James W. Miles, Gloria Alitto Majewski, Kathleen Therese Meany, Cynthia M. Santos, Patricia Young, Harry "Bus" Yourell, Frank E. Dalton, Hugh H. McMillan, Cecil Lue-Hing, Richard Lanyon, Richard C. Sustich, Louis Kollias.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

South Holland Metal Finishing Co., Inc. ["South Holland"] brought this action against the Metropolitan Water Reclamation District of Greater Chicago [the "District"], alleging that the District is liable under 42 U.S.C. § 1983 ["§ 1983"] for selective enforcement of the District's Sewage and Waste Control Ordinance. South Holland moved for voluntary dismissal without prejudice, with leave to reinstate the case within one year. I granted the motion, but retained jurisdiction to determine whether such dismissal should be conditioned upon payment of attorney's fees and a prohibition against refiling a motion for a temporary restraining order. For the following reasons, voluntary dismissal without prejudice, with leave to reinstate the case within one year, is conditioned on South Holland paying the District's reasonable attorney's fees incurred on or after December 30, 1998.

### Background

In January 1998, South Holland filed a complaint in the Circuit Court of Cook County requesting judicial review of an order by the District, and alleging that the District's Sewage and Waste Control Ordinance [the "Ordinance"] violates various provisions of the United States Constitution and the Illinois Constitution. South Holland requested injunctive and declaratory relief. In September 1998, South Holland filed this action in federal court, alleging that the District selectively enforced the Ordinance against South Holland in violation of § 1983. South Holland filed an emergency motion for a temporary restraining order, which I denied in October 1998. South Holland also filed a motion for a preliminary injunction.

On December 30, 1998, I granted the District's motion for an extension of time until January 14, 1999 to file responsive pleadings. South Holland moved for voluntary dismissal on January 13, 1999, and on January 14 the District filed motions to dismiss and a motion for partial summary judgment with supporting memoranda.[1] The District argues that as a result of South Holland waiting to move for voluntary dismissal until the day before the District's extended filing date, it incurred substantial expenses. The District requests that I condition voluntary dismissal on South Holland paying the District's attorney's fees, and on South Holland never refiling its motion for a temporary restraining order.

---

1. South Holland incorrectly brought its motion for leave to dismiss pursuant to Fed. R.Civ.P. 41(b). In its response to the District's objections, South Holland makes clear that it intended to bring the motion pursuant to Rule 41(a). South Holland also argues that it could have unilaterally dismissed the case without leave of court pursuant to Rule 41(a)(1). Regardless, South Holland chose to file a motion for leave to dismiss. In that motion, South Holland states that "rather than unilaterally dismissing this case without prejudice ... South Holland seeks leave to do so...." (Mot. for Leave to Dismiss ¶ 7). Such a motion is pursuant to Rule 41(a)(2), and is subject to the court's terms and conditions.

### Voluntary Dismissal

■ South Holland argues that it should not be required to comply with any conditions. According to South Holland, when it filed its claims regarding the Ordinance in both state and federal court, it was relying on Illinois courts applying res judicata according to the "same evidence" rule. Under the same evidence rule, a second suit is barred "if the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions." *Rodgers v. St. Mary's Hospital of Decatur,* 149 Ill.2d 302, 597 N.E.2d 616, 621, 173 Ill.Dec. 642, 647 (1992). On November 19, 1998, the Illinois Supreme Court held that the transactional test rather than the same evidence test applies to res judicata. *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 703 N.E.2d 883, 893, 234 Ill.Dec. 783, 793 (1998). Under the transactional test, a second suit is barred if it is based on the same operative facts as the first suit. *Id.* at 891, 234 Ill.Dec. at 791. South Holland explains that, to avoid the decision in *River Park* from prejudicing its rights, it decided to bring all of its claims regarding the Ordinance in one lawsuit in state court.

The District argues that South Holland's reliance on the *River Park* decision is disingenuous. According to the District, the Illinois Supreme Court had already held that the transactional test, not the same evidence test, applies to res judicata. In *River Park,* however, the court acknowledged that it had previously been unnecessary to decide which test is controlling. *Id.* at 891, 234 Ill.Dec. at 791, 703 N.E.2d 883. In addition, in decisions prior to *River Park* the Illinois Supreme Court applied both the transactional test and the same evidence test to determine if a second suit was barred by res judicata. *See Rein v. David A. Noyes & Co.,* 172 Ill.2d 325, 665 N.E.2d 1199, 1206 216 Ill.Dec. 642, 649 (1996) ("Since the same set of facts is necessary for the maintenance and proof in both cases, the causes of action are identical"); *People v. Progressive Land Developers, Inc.,* 151 Ill.2d 285, 602 N.E.2d 820, 825, 176 Ill.Dec. 874, 879 (1992) ("Since the same facts are necessary for the maintenance and proof in both cases, the causes of action are identical"); *Rodgers,* 597 N.E.2d at 621, 173 Ill.Dec. at 647 ("under either test, res judicata does not bar the present action").

*River Park* was decided on November 19, 1998. Yet when the District asked for an extension of time to file its responsive pleadings on December 29, 1998, South Holland did not contest the motion or give any indication that it planned to ask for voluntary dismissal. Instead, South Holland waited until January 13, 1999, the day before the District's responsive pleadings were due, to file its motion. While it may be true that counsel for South Holland was conferring with the client and making strategic decisions, almost two months passed from the date of *River Park* to the date of the motion for voluntary dismissal. During this time the District reasonably incurred expenses preparing responsive pleadings. South Holland should have informed the District of it's intention at the latest when the District moved for an extension of time to file its responsive pleadings. For these reasons South Holland must pay the reasonable attorney's fees incurred by the District on or after December 30, 1998.[2]

■ The District also requests a condition prohibiting South Holland from ever refiling its motion for a temporary restraining order. South Holland's motion for a temporary restraining order, which would not have been a final judgment and would have lasted only 10 days, was filed before the decision in *River Park* and was denied before the District filed a respon-

---

**2.** South Holland argues that any award of attorney's fees should be limited to fees for work that cannot be used in the state court action. In its reply brief, however, the Dis-trict concedes that it is not seeking attorney's fees for work product that can be used in the state proceeding.

sive brief. Therefore this request is denied.

### Conclusion

For the reasons discussed above, South Holland's motion for voluntary dismissal without prejudice, with leave to reinstate the case within one year, is granted on the condition that South Holland pay the District's reasonable attorney's fees incurred on or after December 30, 1998.