KANNE, Circuit Judge.
 

 Dollie’s Playhouse, Inc., filed an adversary complaint against Nable Excavating, Inc. The bankruptcy court held that
 
 res judicata
 
 barred Dollie’s complaint and the
 
 *1000
 
 district court affirmed this judgment. We affirm.
 

 I. HISTORY
 

 Dollie’s was an adult entertainment nightclub in Washington Park, Illinois owned by Stephen Masters and Nathan Eggemeyer. The relationship between Masters and Eggemeyer soured. Eg-gemeyer murdered Masters and buried Masters’ body on property owned by Eg-gemeyer. Eggemeyer was convicted of murdering Masters and was sentenced to life imprisonment.
 
 State v. Eggemeyer,
 
 9 S.W.3d 640 (Mo.Ct.App.1999) (affirming the conviction on direct appeal);
 
 Eggemeyer v. Roper,
 
 No. 402CV01486CEJAGF, 2006 WL 855258 (E.D.Mo. Feb.15, 2006) (denying a petition for a writ of habeas corpus).
 

 Eggemeyer also had a financial interest in Nable. Dollie’s and Nable entered into an agreement before Masters’ death. Dollie’s alleges that the agreement was a contract for the sale of property while Nable counters that the agreement was merely a lease without any transfer of ownership in the property. To settle the disagreement, Dollie’s brought a suit against the title company and Nable for declaratory judgment in the Circuit Court in St. Clair County Illinois.
 
 Dollie’s Playhouse v. Chicago Title & Tr. Co. & Nable Excavating, Inc.,
 
 99-MR-144. Nable counterclaimed alleging that Dollie’s had breached the lease agreement and owed it money. The Circuit Court found for Nable and held that Dollie’s owed Nable $105,000 in past rent and $120,000 on an unpaid loan. The Appellate Court of Illinois, Fifth District, affirmed the Circuit Court’s judgment on August 27, 2004.
 
 Dollie’s Playhouse v. Chicago Title & Tr. Co. & Nable Excavating, Inc.,
 
 No. 5-02-0503 (Ill.App.Ct. Aug. 27, 2004).
 

 Dollie’s filed a Chapter 11 bankruptcy petition in September 2004. Dollie’s also brought an adversary complaint against Nable seeking to recover damages for Eg-gemeyer’s alleged breach of fiduciary duties and conversion of Dollie’s corporate funds. Dollie’s argues that Eggemeyer stole money from Dollie’s and funneled it to himself and Nable. According to Dollie’s, Eggemeyer murdered Masters as part of this plan and therefore this money should be returned by Nable to Dollie’s and Dollie’s rightful owner Masters’ widow. The bankruptcy court and the district court rejected this argument, holding that the claims were barred by
 
 res judicata.
 
 Both courts concluded that Dollie’s was trying to reargue who rightfully controlled the land and money at dispute, an issue already determined by the Illinois state courts.
 

 II. ANALYSIS
 

 “Essentially, our review is the same as that performed by the district court.”
 
 In re Salem,
 
 465 F.3d 767, 773 (7th Cir.2006) (citing
 
 In re Midway Airlines, Inc.,
 
 383 F.3d 663, 668 (7th Cir.2004)). “Factual findings are reviewed for clear error; legal conclusions are reviewed
 
 de novo.” In re Doctors Hosp. of Hyde Park, Inc.,
 
 474 F.3d 421, 426 (7th Cir. 2007).
 

 We agree with the district court in its affirmance of the decision of the bankruptcy court, that Dollie’s adversary complaint is barred under res
 
 judicata.
 
 The Full Faith and Credit Act requires that we apply Illinois law and recognize the preclusive effect of the previous Illinois state judgment in this proceeding,
 
 Sornberger v. City of Knoxville, Illinois,
 
 434 F.3d 1006, 1020 n. 9 (7th Cir.2006) (citing 28 U.S.C. § 1738;
 
 Rekhi v. Wildwood Indus.,
 
 61 F.3d 1313, 1317 (7th Cir.1995));
 
 accord Crop-Maker Soil Servs., Inc. v. Fairmount State Bank,
 
 881 F.2d 436, 439 (7th Cir.1989) (“The doctrine of
 
 res judica-ta
 
 applies in the bankruptcy context.”) (eit-
 
 *1001
 
 ing
 
 Brown v. Felsen,
 
 442 U.S. 127, 132, 99 S.Ct. 2205, 60 L.Edüd 767 (1979)); see
 
 also In re Heckert,
 
 272 F.3d 253, 258 (4th Cir.2001), as long as the previous Illinois proceeding met the minimum requirements of due process.
 
 Licari v. City of Chicago,
 
 298 F.3d 664, 666-67 (7th Cir. 2002) (citing
 
 Pliska v. City of Stevens Point, Wisconsin,
 
 823 F.2d 1168, 1172 (7th Cir.1987)). “Under Illinois law, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action.”
 
 Hicks v. Midwest Transit, Inc.,
 
 479 F.3d 468, 470-71 (7th Cir.2007) (citing
 
 River Park, Inc. v. City of Highland Park,
 
 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 889 (Ill.1998);
 
 Rein v. David A Noyes & Co.,
 
 172 Ill.2d 325, 216 Ill.Dec. 642, 665 N.E.2d 1199, 1204 (Ill.1996);
 
 Rodgers v. St. Mary’s Hosp.,
 
 149 Ill.2d 302, 173 Ill.Dec. 642, 597 N.E.2d 616, 620-21 (Ill.1992) (internal quotations omitted)).
 
 “Res judi-cata
 
 applies where: (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of parties or their privies.”
 
 Licari,
 
 298 F.3d at 666 (citing
 
 Nowak v. St. Rita High Sch.,
 
 197 Ill.2d 381, 258 Ill.Dec. 782, 757 N.E.2d 471, 477 (Ill.2001)).
 

 Dollie’s recognizes that there was a final judgment on the merits and there is an identity of parties. However, it argues that it brings different claims in the present case — breach of fiduciary duties and conversion of corporate assets — because it brought a breach of contract claim in the Illinois state court proceeding. However, Illinois applies the “transactional” test, “which provides that the assertion of different kinds of theories of relief constitutes a single cause of action for purposes of
 
 res judicata
 
 if a single group of operative facts gives rise to the assertion of relief,” when evaluating identity of causes of action.
 
 Id.
 
 at 667 (citing
 
 River Park, Inc.,
 
 234 Ill.Dec. 783, 703 N.E.2d at 893). Dollie’s present adversarial complaint arises from the same underlying business and personal disputes and involves the same issue of what money and property is owed between Dollie’s and Nable. As Na-ble’s counsel properly noted at oral argument, litigating Dollie’s adversarial complaint would require a re-litigation of the state court proceeding by requiring the bringing of the same evidence and arguments. Altering the characterization of its case from a breach of contract claim into a breach of fiduciary and conversion claims cannot save Dollie’s case.
 

 Dollie’s also invokes equity to defeat the operation of
 
 res judicata. Res judicata
 
 is an equitable doctrine that is not applied when it is “fundamentally unfair to do so.”
 
 Nowak,
 
 258 Ill.Dec. 782, 757 N.E.2d at 477. Dollie’s argues that Nable’s assertion of
 
 res judicata
 
 benefits Eggemeyer’s criminal conduct of murdering Masters and allegedly stealing money from Dollie’s because Eggemeyer is the true owner of Nable. However, the Appellate Court of Illinois, the final state court to consider this case, was aware of and rejected any consideration of these equitable issues.
 
 Dollie’s Playhouse v. Chicago Title & Tr. Co. & Noble Excavating, Inc.,
 
 No. 5-02-0503, at pg. 4 (Ill.App.Ct. Aug. 27, 2004) (“Masters was murdered ... Eg-gemyer was charged with his murder [and] was convicted.”). Although we are not unsympathetic to the equities of the situation, pursuant to 28 U.S.C. § 1738, we are bound to honor the preclusive effect of the valid Illinois state court judgment.
 

 III. CONCLUSION
 

 The judgment of the district court is Affirmed.