NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2008[*]
Decided January 15, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2453

| | |
|---|---|
| ARTHUR R. STANLEY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 07-cv-775-JPG |
| | |
| MATT HOLLINGSWORTH, et al., | J. Phil Gilbert, |
| *Defendants-Appellees*. | *Judge.* |

## O R D E R

Arthur Stanley lost his home in an Illinois foreclosure action. Unhappy with that outcome, he brought a second suit in federal court against the mortgage lender, Harris Trust and Savings Bank, Harris's corporate parent and two of its subsidiaries, and several employees, whom we refer to collectively as "Harris." The district court dismissed the suit

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

for failure to state a claim, and we now affirm that dismissal in part for lack of jurisdiction and in part for failure to state a claim.

Eight years ago, Stanley defaulted on his home mortgage. In response, Harris, a lender specializing in the "subprime" mortgage market, filed a foreclosure action against Stanley in Illinois state court. Stanley answered the complaint and raised a number of counterclaims. Those included his contentions that: 1) Harris had wrongfully refused to settle the suit, refinance the mortgage, or accept payments Stanley had offered after he defaulted; 2) a foreclosure judgment would "unjustly enrich" Harris because Stanley had recently invested $15,000 in remodeling the property; 3) as a result of the foreclosure action, Stanley had missed work, lost a substantial trucking contract, and suffered "mental anguish and depression," all entitling him to damages; and 4) Harris tampered with court files and generally engaged in fraud and misconduct during the foreclosure suit. The state court rejected Stanley's claims, however, and entered judgment in favor of Harris, including an award of attorneys' fees.

Meanwhile, in a federal court in Massachusetts, the Federal Trade Commission (FTC) brought an unrelated action against Fairbanks Capital, Harris's corporate parent. That suit settled, but somehow Stanley caught wind of the case and filed his own action against Fairbanks and Harris, mimicking the FTC's complaint. In this suit, filed in federal court in Illinois, Stanley claimed that Harris had obtained the state-court foreclosure judgment in violation of the Federal Trade Commission Act (FTCA), the Federal Debt Collection Practices Act (FDCPA), and a number of other federal laws, as well as the stipulated judgment in the FTC suit. The district court granted Harris's motion to dismiss Stanley's claims on a variety of grounds, concluding that Stanley lacked standing to complain about the FTC settlement, that he had no private right of action under the FTCA, that res judicata barred some claims, and that his FDCPA claim was time-barred.

We review a dismissal under Rule 12(b)(6) de novo and construe the complaint in the light most favorable to Stanley. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). On appeal, Stanley principally contends that res judicata does not prevent his federal suit from going forward. Before we can reach that argument, however, we must ask whether we have jurisdiction to hear his case. Although neither the defendants nor the district court considered the issue, Stanley's suit appears, at least in part, to ask the federal district court to review the decision in his foreclosure action. And that a federal court may not do under the doctrine of *Rooker-Feldman*, which holds that federal district courts lack jurisdiction over lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464

(2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Kelley v. Med-1 Solutions, LLC,* No. 08-1392, 2008 WL 4977590, at *3 (7th Cir. Nov. 25, 2008).

Some of Stanley's federal-court claims directly attack the Illinois foreclosure judgment. For instance, he complains that the state court unfairly awarded Harris attorneys' fees. In so doing, Stanley is asking this court to review and set aside that aspect of the Illinois foreclosure judgment, a request precluded by the *Rooker-Feldman* doctrine. *See Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004). And he cannot circumvent the doctrine simply by recasting his claims as violations of federal law. *See Johnson v. Orr*, No. 08-1133, 2008 WL 5085615, at *3 (7th Cir. Dec. 4, 2008); *Taylor*, 374 F.3d at 532-33.

Stanley also alleges that Harris maliciously prosecuted the foreclosure action in violation of Illinois law and that other Harris misconduct during the state-court litigation led to the foreclosure judgment. Ordinarily *Rooker-Feldman* would not bar a malicious prosecution claim because the claim would not challenge the state-court decision (the federal plaintiff is typically happy with the outcome); instead, the malicious-prosecution plaintiff complains of a separate injury preceding the judgment. *See, e.g., King v. Burlington N. & Santa Fe Ry. Co.*, 538 F.3d 814, 817 (7th Cir. 2008) (observing that one element of malicious prosecution claim is that plaintiff won underlying suit). But here Stanley lost in state court. His malicious-prosecution claim, and his other claims of misconduct during the state-court proceedings, ask the federal district court to rule that the state court erred in its foreclosure judgment because of the misconduct of his litigation adversaries. *Rooker-Feldman* prohibits the district court from so doing. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999) (holding that a federal plaintiff cannot circumvent *Rooker-Feldman* by alleging that misconduct of the state-court opponents caused the adverse judgment in state court). The district court should have dismissed for lack of jurisdiction those of Stanley's claims that directly contest the foreclosure judgment.

In contrast, a claim arising from an injury that precedes state-court proceedings is not beyond the jurisdiction of a federal district court. *Taylor*, 374 F.3d at 532-33. Stanley identifies two types of such claims. First, he alleges that Harris injured him before it initiated foreclosure proceedings by "force placing" insurance on his home—taking out a new insurance policy and charging him for it without his consent—even though his homeowner's policy had not lapsed. *See, e.g., Jenkins v. Heintz*, 124 F.3d 824, 828 (7th Cir. 1997) (considering whether "force placing" insurance violates FDCPA). Second, Stanley also reasserts his counterclaims from the foreclosure action. Except for the claims that challenge adversary misconduct in state court (and are, for the reasons already explained, barred by *Rooker-Feldman*), these claims describe conduct preceding the state-court litigation (such as Harris's refusal to refinance or accept payments), or injuries separate from the

judgment (like lost income), though Stanley now styles Harris's alleged conduct as violations of federal law.

Although the district court had jurisdiction to consider these claims, it correctly concluded that they are barred by claim preclusion. Under the Illinois law of claim preclusion, a party may not relitigate the same claims that were or could have been brought in an earlier lawsuit between the same parties or their privies that resulted in a final judgment on the merits. *See In re Dollie's Playhouse, Inc.*, 481 F.3d 998, 1001 (7th Cir. 2007); *Licari v. City of Chicago,* 298 F.3d 664, 666 (7th Cir. 2002). Here, the state-court proceedings culminated in a final foreclosure judgment, and Stanley and Harris were both parties to the action. Stanley's counterclaims from the foreclosure action, which the state court found meritless, are repeated here and are therefore precluded. As to the claim that Harris "force placed" insurance, it is based on the same transaction as in the foreclosure action, and Stanley gives us no reason why he could not have brought it in the foreclosure action. That Stanley now advances a federal-law theory to support these claims does not undercut claim preclusion. *In re Dollie's Playhouse*, 481 F.3d at 1001.

Finally, Stanley raises a host of procedural challenges, which we address briefly. He claims that Harris should have asserted its affirmative defenses in an answer rather than in its motion under Rule 12(b)(6). A defendant may, however, raise an affirmative defense (like claim preclusion) by motion when the basis for the defense is disclosed in the complaint, as here. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). Stanley next argues that the district court abused its discretion in permitting Harris to extend the time for filing its Rule 12(b)(6) motion. But Harris asked for more time only because, one day before its motion was due, the magistrate ordered that no motions could be filed until after the next preliminary conference. Under the circumstances, the extension was not unreasonable. *See Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). Finally, Stanley quarrels with the district court's denial of his motions for default judgment and summary judgment, which he filed before Harris's initial response to the complaint was even due. Default judgment is a drastic sanction, reserved for the defendant who "willfully disregards pending litigation." *Sun v. Bd. of Trs. of Univ. of Ill.,* 473 F.3d 799, 811 (7th Cir. 2007). Moreover, "it would make little sense to enter a default after a case has been decided on the merits and it is demonstrable that delay did not cause injury." *Mommaerts v. Hartford Life and Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007). And although Stanley was allowed to file his summary judgment motion after 20 days from the commencement of his suit, the district court did not abuse its discretion in concluding that evaluating the motion was premature when the defendants had not even filed an answer or Rule 12 motion yet. *See* FED. R. CIV. P. 56(a). And anyway, as we have decided, the claims in that motion are baseless.

AFFIRMED AS MODIFIED.